UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRISTOL WEST INSURANCE
COMPANY,

      Plaintiff,

Case No. 1:08-cv-150

HON. JANET T. NEFF

v

THE ESTATE OF REBECCA NEAS, et al.,
      Defendants.
_____/

## **OPINION**

The Estate of Rebecca Neas, et al. ("Estate") brought suit against Defendants, Joseph Gomez, Jose Tross, and Tequila Willy's, in Kent County Circuit Court on June 18, 2007 as a result of a motor vehicle accident that resulted in the death of Ms. Neas.[1]  Ms. Neas was a passenger in a Volkswagen Jetta, which was being driven by Defendant Gomez.  Gomez was allegedly drinking at Tequila Willy's prior to the motor vehicle accident.  The insurance policy covering the Jetta was purchased from Plaintiff Bristol West Insurance Company by Jose Tross.

Plaintiff filed a declaratory judgment action in this Court on February 13, 2008 seeking a declaration of its obligations under its policy of No-Fault insurance on the Volkswagen Jetta involved in the accident.  Plaintiff seeks to reform its residual liability policy limits of $100,000 to the Michigan statutory minimum policy limit of $20,000 because of an alleged material misrepresentation made by Defendant Tross.  Plaintiff alleges that Defendant Tross obtained liability coverage on the Jetta, but did not disclose to Plaintiff that Defendant Gomez would be the regular

---

[1]*Estate of Rebecca Neas, et al. v. Gomez, et al.*, Kent County Circuit Court, No. 07-06282-NI.

user and owner of the Jetta.  On July 22, 2008, this Court ordered Plaintiff to show cause why this Court should exercise jurisdiction over this declaratory action, given the pending parallel state court action.

Pending before the Court are Plaintiff's and Defendants' responses to the Order to Show Cause.  For the reasons that follow, the Court declines to exercise jurisdiction over Plaintiff's declaratory judgment action.

## **Discussion**

This Court has the discretion to dismiss or stay a declaratory judgment action pursuant to 28 U.S.C. § 2201(a).  Where an insurer seeks a declaratory judgment in federal court regarding coverage related to a pending state court action, the Sixth Circuit has consistently applied a five-factor analysis.  *See Grand Trunk W. R.R. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984); *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 277-79 (6th Cir. 1990); *Omaha Prop. & Cas. Ins. Co. v. Johnson*, 923 F.2d 446, 448 (6th Cir. 1991); *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 967-69 (6th Cir. 2000); *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 453-54 (6th Cir. 2003).  The five factors are enumerated in *Grand Trunk* and include: (1) whether the action would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.  *Grand Trunk*, 746 F.2d at 326.

The Court has closely considered the five factors and concludes that the third and fourth factors weigh heavily against retaining jurisdiction of this matter.  The third factor urges the Court

to consider whether the declaratory remedy is being used merely for the purpose of procedural fencing. Plaintiff contends that the matter was "[a]bsolutely not" initiated for the purpose of procedural fencing. (Pls. Resp. 2). Nonetheless, upon review of the state court action, it appears that this declaratory action has resulted in additional litigation in state court including motions to stay the proceedings and adjourn settlement conferences pending its outcome. Further, Plaintiff not only had knowledge of the state court action before filing in federal court, but also was directly involved in communications and negotiations between the litigants, in fact providing legal counsel for Defendants Tross and Gomez in the state court case. Although Plaintiff now complains that it "had to incur the time and expense to serve four defendants" in this case, two of those defendants are Tross and Gomez who apparently have already consented to the relief sought by Plaintiff in this declaratory action and, for that reason, have merely been defaulted in this action. (Pls. Resp. 2). In short, these circumstances are indicative of procedural fencing.

The fourth Grand Trunk factor asks the Court to consider whether the use of the declaratory action may increase friction between federal and state courts. In *Roumph*, 211 F.3d at 968, the court articulated three subfactors to be considered when determining whether the action will increase friction between federal and state courts. These factors include: (1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

It is evident that the underlying factual issues are important to an informed resolution of the present case, and the state trial court is in a better position to evaluate those factual issues. There is considerable factual overlap between these two actions. In fact, Defendant Tequila Willy's

Response to Plaintiff's Pre-Motion Conference Request references the deposition of Defendant Tross taken for the purposes of the state-court action.  Because a thorough understanding of the factual issues is essential to resolution of both actions, factual development in this case would be far more efficiently carried out in state court where the parties have a head start in sorting out all of the facts.

Moreover, the Sixth Circuit has conveyed that "federal district courts, at least in this circuit, should refrain from entertaining such actions where the sole issue is one of state law." *Maryland Ins. Group v. Roskam Baking Co.*, 6 F. Supp. 2d 670, 671 (W.D. Mich. 1998).  "'We question the need for federal courts to issue declaratory judgments in such cases where a state court has already accepted jurisdiction over the subject matter of the lawsuit.  We also question the need for such declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner.'"  *Id.* at 672-73 (quoting *American Home Assurance Co. v. Evans*, 791 F.2d 61, 63 (6th Cir. 1986)).

## **Conclusion**

Having closely considered all of the *Grand Trunk* factors, the Court exercises its discretion and declines jurisdiction over Plaintiff's pending declaratory judgment action.  Accordingly, the declaratory judgment action is dismissed for the reasons stated above.


Date:  December 1, 2008                                              /s/ Janet T. Neff
                                                                     JANET T. NEFF
                                                                     United States District Judge